The STATE of Ohio, Appellee,

v.

WOODS, Appellant.

[Cite as *State v. Woods* (2001), 145 Ohio App.3d 751.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 18242.

Decided Sept. 7, 2001.

*Carley J. Ingram,* Montgomery County Assistant Prosecuting Attorney, for appellee.

*Arvin S. Miller,* Montgomery County Assistant Public Defender, for appellant.

FREDERICK N. YOUNG, Judge.

Jacqueline M. Woods is appealing from her conviction of welfare theft on the ground, as stated in her sole assignment of error, that the state failed to prove any loss of property or services.

The case was submitted to the trial court upon stipulated facts that set forth, *inter alia*, that Woods falsely informed the Montgomery County Department of Human Services ("department") that only she and her children were living at her residence when, in fact, her boyfriend and the father of her children also lived there. She received benefits based upon this false information for approximately seven months until she informed the department of the true state of affairs.

It is accepted by both parties, and recognized by the trial court, that neither the state nor the federal government lost any money as a result of Woods's deception. On that ground, the trial court was loathe to convict but felt constrained, and justly so, to adhere to the "bright line rule" established by this court, to wit, the theft amount is the total benefits the defendant acquires after the misrepresentation, and it is immaterial whether the government suffers a net loss as a result of the deception. *State v. Crowder* (Feb. 10, 1995), Montgomery App. No. 14478, unreported, 1995 WL 58679. Therefore, the trial court reluctantly convicted Woods of two counts of theft in an amount over $500 and sentenced her to five years of community control. Woods filed this timely appeal on which judgment has been stayed pending the Supreme Court's review of *State v. Edmondson* (June 16, 2000), Montgomery App. No. 18061, unreported, 2000 WL 770510, appeal allowed (2000), 90 Ohio St.3d 1416, 735 N.E.2d 455, affirmed (2001), 92 Ohio St.3d 393, 750 N.E.2d 587. The Supreme Court has now rendered its opinion affirming *Edmondson,* and we will decide this appeal.

Woods's sole assignment of error is as follows:

"The trial court erred by convicting appellant of welfare theft when the state failed to prove any loss of property or services."

Woods argues that this court should abandon its rule that the measure of the value of property stolen in welfare theft cases is the total amount of benefits received regardless of whether the government suffers a loss. We disagree.

This court recently reaffirmed its "bright line rule" that the value of property stolen in welfare theft cases is the total amount of benefits received in *State v. Edmondson* (June 16, 2000), Montgomery App. No. 18061, unreported, 2000 WL 770510, appeal allowed (2000), 90 Ohio St.3d 1416, 735 N.E.2d 455, affirmed (2001), 92 Ohio St.3d 393, 750 N.E.2d 587. This court established this rule as far back as 1982 in *State v. Chambers* (Dec. 28, 1982), Montgomery App. No. 7360, unreported. As *Edmondson* was in conflict with the judgment of another district court of appeals, the Supreme Court reviewed and affirmed the *Edmondson* decision. *State v. Edmondson* (2001), 92 Ohio St.3d 393, 750 N.E.2d 587. The Supreme Court reasoned that the welfare recipient is not entitled to any benefits until her eligibility was determined by the department based on the information she disclosed in her application. *Id.* Further, the Supreme Court found that the benefits remain government property until distributed to the recipient. *Id.* The recipient receives those benefits only when the department determines that the

recipient is entitled to them based upon the information the recipient has provided to the department. *Id.* Therefore, the recipient does not own any of the benefits until she receives them and any deception used to obtain the benefits taints the entire amount benefitted. *Id.* The court stated, "the state does not have to prove the additional fact \* \* \* that the accused obtained benefits for which he or she was not otherwise eligible absent the deception." *Id.*

Woods argues that to convict her of two counts of theft in excess of $500 would be impractical. Woods asserts that she should not be convicted of these offenses because if she would have been truthful she would have received more benefits than she did through her deception. Therefore, Woods argues that the state was not deprived of any funds and she should not be convicted of theft. However, this does not alter the fact that the benefits were the property of the state and Woods received those benefits due only to the department's determination based upon the false information she provided. Therefore, since Woods deceived the department when giving it information to determine whether she was eligible for benefits, the entire amount of benefits she received is tainted with the deception. The fact that the government did not suffer a loss is irrelevant to determining whether a welfare theft occurred. Thus, the trial court properly determined that since the total amounts of both the Ohio Works and Food Stamps benefits Woods received were each in excess of $500, Woods was guilty of two counts of theft in excess of $500.

The sole assignment of error is overruled, and the judgment is affirmed.

*Judgment affirmed.*

BROGAN and FAIN, JJ., concur.